Norma Herrera **RODRIGUEZ,**
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–98–629–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 16, 2000.

Justino Garza, Jr., McAllen, for Appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Cheryl Hole, Asst. Dist. Atty., Edinburg, for the State.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

Appellant Norma Herrera Rodriguez was tried and found guilty of state jail felony theft. She was sentenced by the court to two years imprisonment in the Texas Department of Criminal Justice and ordered to make restitution in the amount of $19,281.53. The court suspended her sentence and placed Rodriguez on community supervision for five years. Rodriguez appeals her conviction by two issues. We affirm.

### Factual Background

Norma Herrera Rodriguez worked as a receptionist and bookkeeper for Bob Gaston Realty, a real estate sales and development company which also sold and financed residential lots. During the relevant time period, Rodriguez was Bob Gaston Realty's sole employee.

Rodriguez accepted payments from customers and handled the bookkeeping on their accounts. Payments were usually made in cash, and the money was put in the office cashbox. When Rodriguez received a payment, she made out a sequentially numbered, duplicate receipt, and gave one copy to the customer. The receipt showed the date, account number,

amount paid, and the signature or initials of the person receiving the money. Approximately once a week, Rodriguez prepared "tally sheets" showing payments and amounts, and posted the payments made to a computer accounting program. She would then give Bob Gaston the tally sheet, a computer printout of payments, and the cash, and Gaston would deposit the payments.

On one of Rodriguez's days off, Gaston was preparing the weekly deposit and noticed a customer's name on the tally sheet without reference to a corresponding amount paid by that customer. He looked in the receipt book to determine the amount paid, and then discovered that there was no money in the cashbox to cover that payment. On further checking, he noticed other receipts that had been written had not been listed on the tally sheets, nor had the money received been turned over to Gaston for deposit.

Gaston asked Rodriguez to explain this discrepancy, but she was unable to do so. Gaston told Rodriguez to take two week's vacation, and not to return to work until he had completed an audit. Rodriguez never returned to work.

Gaston's audit disclosed over fifty accounts for which receipts had been completed, but corresponding payments had not been credited to the customers' accounts. Gaston testified that he did not give Rodriguez his consent to keep these payments. The amount missing was "close to twenty thousand dollars."

Appellant was charged with theft under section 31.03(a) of the Texas Penal Code, which provides that a person commits an offense if she unlawfully appropriates property with intent to deprive the owner of property. *See* TEX.PEN.CODE ANN. § 31.03(a) (Vernon Supp.2000). Appropriation is unlawful if it is without the owner's effective consent. TEX.PEN.CODE ANN. § 31.03(b) (Vernon Supp.2000). Further, where amounts are obtained by theft pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. TEX.PEN.CODE ANN. § 31.09 (Vernon 1994). A theft offense is a state jail felony if the value of the property stolen is more than $1,500 but less than $20,000. *See* TEX.PEN.CODE ANN. § 31.03(e)(4) (Vernon Supp.2000).

### *Fatal Variance*

■ By her first issue, Rodriguez contends that the trial court erred in denying her motion for instructed verdict. She contends that the State failed to prove that the grand jury used due diligence in attempting to ascertain elements and facts alleged in the indictment to be unknown to the grand jury, and that this failure created a fatal variance between what was charged and what was proved at trial.

The indictment provided:

THE GRAND JURY ... present in and to said court that NORMA HERRERA RODRIGUEZ hereinafter styled Defendant, between the dates of on or about the 7th day of June A.D., 1995 and March 5, 1996, the exact dates being unknown to the Grand Jury, and before the presentment of this indictment, in Hidalgo County, Texas, did unlawfully, then and there, intentionally and knowingly, appropriate, to wit: acquire and otherwise exercise control over property other than real property, to wit: United States currency, with the exact amount of money appropriated on any given day during that time period also being unknown to the Grand Jury, the owner of said property being Bob A. Gaston;

. . .

And all of said amounts were obtained, as alleged; in one scheme and continuing course of conduct, and the aggregate value of the property so appropriated was $1,500.00 or more but less than $20,000 .00.

Rodriguez argues that the grand jury failed to use reasonable diligence to deter-

mine the exact amount of money alleged to have been appropriated and the exact dates when these amounts were alleged to have been appropriated.

■ When the indictment alleges an element or a fact is unknown to the grand jury, the State may prove the element or the fact at trial. *See, e.g., Huffman v. State,* 775 S.W.2d 653, 662 (Tex.App.—El Paso 1989, pet. ref'd); *Ishmael v. State,* 688 S.W.2d 252, 258 (Tex.App.—Fort Worth 1985, pet. ref'd). When the indictment alleges an element or a fact is unknown to the grand jury, and at trial the State proves that element or fact, the State has the burden of showing that the grand jury used due diligence in trying to ascertain the fact or element which was alleged to be unknown. *Hicks v. State,* 860 S.W.2d 419, 424 (Tex.Crim.App.1993); *Matson v. State,* 819 S.W.2d 839, 847 (Tex. Crim.App.1991); *Ishmael,* 688 S.W.2d at 257.

■ However, if the evidence adduced at trial fails to establish the unknown element or fact, a prima facie showing is made that the element or fact was unknown to the grand jury. *Hicks v. State,* 860 S.W.2d at 424. Further, where the facts as developed at trial suggest that an investigation by the grand jury could not have helped in ascertaining the unknown fact, there is a prima facie showing of due diligence. *Ishmael,* 688 S.W.2d at 257.

■ The State has the burden of proving whether the fact or element was unknown and whether the grand jury utilized due diligence. *Matson,* 819 S.W.2d at 847 n. 5. As appellant suggests in her brief, if the State is unable to meet its burden of proof, the trial court must find a fatal variance between the indictment and the proof. *See Coleman v. State,* 918 S.W.2d 39, 41 n. 1 (Tex.App.—Houston [1st Dist.] 1996), *aff'd, Ex Parte Coleman,* 940 S.W.2d 96 (Tex.Crim.App.1996); *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Crim.App. 1972).

The parties to this appeal have not raised an issue regarding whether the *Matson* and *Hicks* line of cases is still valid law. In *Rosales v. State,* 4 S.W.3d 228, 230–31 (Tex.Crim.App.1999), the appellant argued that he was entitled to an acquittal because the indictment alleged that he killed the victim by stabbing her with a knife and by striking her with a hard object, "the exact nature of which is unknown to the grand jury," and the prosecution failed to prove the grand jury used due diligence in determining the exact nature of the hard object. *See Rosales,* 4 S.W.3d at 230–31. In the majority's opinion, the court of criminal appeals held that: (1) the prosecution satisfied the "due diligence" requirement when it proved through one of the grand juror's testimony that the grand jury was unable to find out what caused the various injuries to the victim; (2) the jury was charged in the disjunctive, which was permissible even though the indictment charged in the conjunctive, and therefore, proof that the victim was stabbed was sufficient; and (3) in light of the court's decision in *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997), which held that the legal sufficiency of the evidence to support a conviction should be measured by the elements of the offense as defined by a hypothetically correct jury charge, "the rule in cases like *Hicks* is no longer viable." *Rosales,* 4 S.W.3d at 231.

Justice Meyers, in his concurring opinion in *Rosales,* points out that either of the first two reasons were sufficient to decide the case on appeal, and therefore, that portion of the opinion purporting to overrule *Hicks* was merely dicta. *Id.* at 234 (Meyers, J., concurring). Subsequent cases construing *Rosales* have not addressed the effect of the *Rosales* opinion on the continuing viability of the *Matson* and *Hicks* line of cases. *See, e.g., Wheeler v. State,* No. 06–99–00057–CR, 2000 WL 1779002, *5 (Texarkana December 5, 2000, no pet.). In view of our disposition of this

issue, we also express no opinion as to the effect of *Rosales*.

In this case, the evidence adduced at trial fails to establish either the total amount of money taken or the dates on which Rodriguez took the money. There is nothing in the record indicating the exact dates the funds were taken, nor the exact amount of money appropriated on any given day during the time period alleged, thus a prima facie showing was made that this information was unknown to the grand jury. *Hicks*, 860 S.W.2d at 424. Further, the evidence showed that the wrongful appropriations could have occurred on any date from the date that the customer made the payment until the date of the next deposit. An investigation by the grand jury could not have helped in ascertaining the exact dates of the appropriations, thus there was a prima facie showing of due diligence. *Ishmael*, 688 S.W.2d at 257. We overrule appellant's first issue.

### *Legal Insufficiency*

In her second issue, Rodriguez argues that the trial court erred in denying her motion for instructed verdict because the evidence was legally insufficient to prove an essential element of theft, specifically, that the evidence was insufficient to show that any property was appropriated.

A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex.Crim.App.2000). In a legal sufficiency review, the fact finder remains the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *See Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App.1994). The appellate court serves to ensure the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). These standards for review apply equally to direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991).

■ Rodriguez contends that the evidence is legally insufficient to show that any amount of money was stolen or illegally appropriated from Bob Gaston. Rodriguez argues that the evidence shows only that there was a discrepancy in her bookkeeping insofar as the receipts and the tally sheets failed to correspond. We disagree.

The evidence adduced at trial showed that Rodriguez had access to the missing money and that receipt of and accounting for the money was primarily her responsibility. Over eighty receipts issued by Rodriguez for cash payments were neither entered into the tally sheets routinely kept by the business nor posted to the computer accounting program. The missing payments involved over fifty separate accounts. Nearly all of the accounts that paid in cash were missing at least one payment, but no account had payments missing more than three times. The missing payments occurred for an extended period of time between June 7, 1995, and March 5, 1996. Bob Gaston testified that payments of "close to twenty thousand dollars" received by Rodriguez in cash were missing, and that he had not given Rodriguez permission to take the money.

Moreover, the jury heard other evidence suggesting that the missing money was more than a mere bookkeeping error. When a customer missed a payment, Gaston sent a letter advising the customer of the delinquent payment. Letters written and signed by Gaston advising customers of such delinquencies, which he had asked Rodriguez to mail, were found unsent in the bottom of a filing cabinet after Rodriguez left Gaston's employment.

In the instant case, taking all of the evidence in the light most favorable to the

verdict, any rational trier of fact could have found that Rodriguez appropriated the money from Gaston without his consent. We overrule Rodriguez's second issue.

We affirm the judgment of the trial court.