**Adalberto ESTRELLA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–00–00794–CR.**

Court of Appeals of Texas,
San Antonio.

April 24, 2002.

Mary Miranda, Law Office of Mary A. Miranda, San Antonio, for Appellant.

Kevin P. Yeary, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION ON MOTION FOR REHEARING

Opinion by PAUL W. GREEN, Justice.

By this opinion, we withdraw our opinion of March 13, 2002 and substitute the following:

This appeal turns on whether the trial court erred in its interpretation Rule 21.6, which provides "[t]he defendant must present the motion for new trial to the trial court within 10 days of filing it." The trial court found Estrella's presentment of the motion to the court coordinator was insufficient to satisfy the presentment requirement of Rule 21.6 and, consequently, refused to consider the motion or arguments regarding whether he was entitled to an evidentiary hearing on the motion. Because we hold Estrella's presentment to the court coordinator does satisfy Rule 21.6, we abate the appeal, remand the cause to the trial court, and instruct it to conduct a hearing to determine whether Estrella is entitled to an evidentiary hearing on his motion for new trial.

### Background

Adalberto Estrella was convicted of injury to a child and sentenced to forty years imprisonment. Estrella filed a motion for new trial, and ten days later, presented the motion to the court coordinator. The court coordinator completed and signed a "case setting form" and set a hearing date for the motion. The hearing was set to determine if Estrella's motion raised matters "not determinable by the record" thereby entitling him to an evidentiary hearing before the trial court ruled on the motion for new trial. On the date of hearing (to determine whether Estrella was entitled to an evidentiary hearing), the State objected, claiming the motion was a nullity and should not be considered because it was not presented timely as re-

quired by Rule 21.6. The judge agreed, finding he had no jurisdiction to consider the motion because Estrella had failed to satisfy the 10–day presentment requirement. In making this finding, the trial court stated:

> I want the [appellate] court to know that I didn't consider that, I didn't even consider any testimony or anything, because I don't feel he complied with [Rule 21.6], that I'm merely doing this for appellate purposes.

After the trial court's ruling, Estrella proffered an offer of proof (three affidavits and a statistical report). The State objected to the offer, claiming the exhibits were untimely because Estrella failed to file them with the motion. However, the trial court permitted Estrella to make the offer of proof, reiterating it was not ruling on whether Estrella was entitled to a hearing on the motion, but rather, finding Estrella's motion was a nullity because he failed to satisfy Rule 21.6. Estrella's motion was ultimately overruled by operation of law. Estrella appeals, claiming the trial court abused its discretion in refusing to consider the motion and in failing to conduct a hearing on the motion.

### Discussion

■ A criminal defendant must file his motion for new trial no later than 30 days after sentencing. TEX.R.APP. P. 21.4(a). However, mere filing with the court clerk is insufficient to satisfy the procedural requirements—the movant must also "present" the motion to the trial court within 10 days of filing. TEX.R.APP. P. 21.6. In this case, neither party disputes whether Estrella timely filed the motion for new trial. Rather, the disagreement lies in whether the motion was timely "presented" to the trial court.

Rule 21.6 provides:

> The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

The Court of Criminal Appeals has stated a movant satisfies the presentment requirement by "actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79–80 (Tex.Crim.App.1998).

In 1999, the First Court of Appeals considered whether presentment to a court coordinator, rather than a judge, satisfies Rule 21.6. *See Butler v. State*, 6 S.W.3d 636, 641 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). The First Court reasoned:

> Considering the policy reasons behind the presentment requirement (calling the motion to the trial court's attention), the court coordinator's role (serving as the trial court's agent in scheduling and monitoring the court's caseload), and the Court Administration Act's purpose (providing a "prompt, efficient, and just hearing and disposition of all disputes"), it is clear that presentation to the court coordinator satisfies the presentment requirement of giving actual notice to the trial court.... To hold otherwise would merely waste both the court's and defendant's time and money.

*Id.; see Daniels v. State*, 63 S.W.3d 67, 69 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (relying on *Butler* and holding the trial court had actual knowledge of the motion within ten days of filing based on a docket entry dated November 29, 1999).

■ We find the reasoning of the First and Fourteenth Courts of Appeals persuasive. Estrella's case is very similar to the

**486**

facts in *Butler.* Ten days after Estrella filed his original motion, he presented the motion to the court coordinator, who then filled out the "case setting form" and set a hearing date. The case setting form states that "[n]otice of the above setting is acknowledged this 27th day of Nov., 2000" and was signed by Estrella's attorney and the court coordinator. The form contains no signature block for the trial judge. After obtaining a hearing date, Estrella appeared before the trial court, but the trial court ruled that the presentment to the court coordinator did not satisfy Rule 21.6. The trial court's sole ground for refusing to consider Estrella's motion was its finding that Estrella failed to satisfy the presentment requirement, and the trial court made no ruling on whether Estrella was entitled to an evidentiary hearing on his motion for new trial:

> I am not denying [Estrella's] motion because the evidence is not sufficient or is not enough, I'm not even considering it. I'm saying I don't even have a right to go into it because of [Rule 21.6].

Because the trial court improperly refused to consider Estrella's motion based on a Rule 21.6 violation, we abate this appeal and remand the cause to the trial court. We instruct the trial court to make a finding on whether Estrella's motion raises matters not determinable from the record, which entitle him to an evidentiary hearing on his motion. Tex.R.App. P. 43.6 (providing that "court of appeals may make any other appropriate order that the law and the nature of the case require"); Tex. R.App. P. 44.4 (providing that if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not affirm or reverse"; instead, it "must direct the trial court to correct the error"); *see Reyes v. State,* 82 S.W.3d 351, 354 (Tex.App.-Houston [1st Dist.] 2001, no pet.). We sustain Estrella's first issue.

*Conclusion*

We hold the trial court abused its discretion in finding Estrella's presentment to the court coordinator was insufficient to satisfy the presentment requirement of Rule 21.6. We abate the appeal for ninety days and remand the cause to the trial court for further proceedings. We need not reach Estrella's remaining issue at this time.