In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00146-CR


______________________________




THADDEUS CHAD FAGAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28529-B




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N



 A jury convicted Thaddeus Chad Fagan of attempted aggravated sexual assault of
a child and assessed his punishment at fifty years' imprisonment and a $10,000.00 fine. 
Fagan contends the evidence is legally and factually insufficient to support the verdict
because of the language used in the indictment. He also contends that the trial court erred
by giving the jury a charge allowing it to convict him on less than a unanimous verdict and
that the trial court abused its discretion by failing to hold a hearing on a motion for new trial
alleging newly discovered evidence. We overrule all of these contentions and affirm the
judgment.

 Fagan first contends the evidence is insufficient to support the verdict because the
State failed to prove that the grand jury used due diligence in seeking to determine the
object Fagan used to commit the assault. The indictment and the jury charge both alleged
that Fagan committed aggravated sexual assault by contacting the victim's buttocks either
with his sexual organ or with an object unknown to the grand jury. The victim testified that
she was sleeping with a group of children on the floor of the residence and that she was
awakened when something stuck against her buttocks that felt like a boy's private part. 
She testified that, when she awoke, she discovered that her jeans had been pulled halfway
down to her knees, and she said as she awoke she turned and saw Fagan pulling his pants
up and moving away.

 If the trial court's charge authorizes the jury to convict the defendant on alternative
theories, a verdict of guilt will be upheld if the evidence is sufficient to convict the defendant
on any one of the theories. Holberg v. State, 38 S.W.3d 137, 139 (Tex. Crim. App. 2000);
Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992); Guevara v. State, No. 04-00-00340-CR, 2001 WL 1643914, at *4 (Tex. App.-San Antonio Dec. 26, 2001, no pet. h.).

 The Texas Court of Criminal Appeals has held that alternate pleading of the differing
methods of committing an offense may be charged in one indictment. Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991). And although the indictment may allege the
differing methods of committing the offense in the conjunctive, it is proper for the court to
charge the jury in the disjunctive. Id.

 Fagan argues that the evidence is insufficient because the State failed to prove that
the grand jury used due diligence in seeking to determine the object used in the assault. 
In his argument, he relies on the line of cases led by Rosales v. State, 4 S.W.3d 228, 231
(Tex. Crim. App. 1999); Hicks v. State, 860 S.W.2d 419, 424 (Tex. Crim. App. 1993); and
Matson v. State, 819 S.W.2d 839, 847 (Tex. Crim. App. 1991). These cases articulate and
apply the rule that where the indictment alleges that the weapon used was unknown to the
grand jury, but the evidence at trial establishes what weapon was used, the state must
prove that the grand jury used due diligence in attempting to ascertain what weapon was
used. If the evidence at trial fails to establish what instrument or weapon was used, a
prima facie showing is made that the instrument or weapon was unknown to the grand jury.
Rosales v. State, 4 S.W.3d at 231; Hicks v. State, 860 S.W.2d at 424; Matson v. State,
819 S.W.2d at 847. The purpose for this rule is to ensure that a defendant will have
adequate notice of the charge against him and to guard against weakening the adequacy
of notice that may be caused by a variance between the allegation and the proof. 

 The Texas Court of Criminal Appeals has discussed the relationship between the
indictment and the proof in several opinions since its decision in Malik v. State, 953 S.W.2d
234 (Tex. Crim. App. 1997). In Malik, the court held that the sufficiency of the evidence
is measured by the elements of the offense as defined by a hypothetically correct jury
charge for the case rather than by the charge actually given to the jury. Id. at 240. In
Rosales, after discussing the rule applied in Hicks as set out above, the court specifically
held, without further explanation, that in light of its ruling in Malik, "the rule in cases like
Hicks is no longer viable . . . ." Rosales v. State, 4 S.W.3d at 231; see Rose v. State,
No. 13-00-170-CR, 2002 WL 417285, at *1 (Tex. App.-Corpus Christi Mar. 14, 2002, no
pet. h.); Richards v. State, 54 S.W.3d 348, 350 (Tex. App.-Houston [1st Dist.] 2001, pet.
ref'd).

 The Texas Court of Criminal Appeals has since held that a hypothetically correct
jury charge need not incorporate allegations that give rise to immaterial variances. Gollihar
v. State, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001). In determining whether the evidence
was legally sufficient to support the conviction in Gollihar, the court applied Malik and
looked to determine whether Gollihar could properly be convicted, based not on the
instructions actually given to the jury, but instead on the hypothetically correct charge that
could have been given to the jury as authorized by the indictment. (1) Id. at 254; see Malik
v. State, 953 S.W.2d 234.

 The ruling in Gollihar thus merges notice concepts into the question of whether a
variance between the indictment and the proof is material, holding finally that only a
material variance providing inadequate notice will render the evidence legally insufficient. (2) 
The question is whether the Hicks line of cases remains viable in light of the language in
Gollihar and Rosales. We were recently confronted with this question in Wheeler v. State,
35 S.W.3d 126, 132 n.6 (Tex. App.-Texarkana 2000, pet. ref'd). In that case, we did not
find it necessary to reach the issue. (3) We do so now.

 The Texas Court of Criminal Appeals has expressly disavowed the "due diligence"
rule set out in Hicks. We therefore conclude that the rule has lost its underpinning as well
as any reason for its existence. As required by Gollihar, we now look directly to issues of
notice and the materiality of any variance between the indictment and charge to see if
reversible error is present. Accordingly, although the state may still be required to show
that the grand jury exercised due diligence in providing adequate notice to the defendant,
the rule requiring the state to show that the grand jury exercised due diligence in
determining the instrumentality of the offense is no longer relevant to our analysis except
as it might apply to a review of adequacy of notice. Here, the State alleged both that
Fagan attempted to commit the assault through the use of his sex organ or by the use of
an unknown object. Fagan was thus given sufficient notice to allow him to prepare for trial. 
Moreover, the jury was charged in the disjunctive, and the evidence is sufficient to support
a finding that Fagan contacted the victim's buttocks with his sex organ. See Rosales v.
State, 4 S.W.3d at 231.

 Fagan next contends the trial court erred by giving the jury a charge allowing it to
convict him on less than a unanimous verdict. He contends that, because the charge
alleged alternative methods by which the attempted assault was carried out, some jurors
could have believed that he used one method, while others could have believed he used
the other method, resulting in a verdict in which twelve jurors did not concur. As set out
above, the court has held that alternative pleading of different methods of committing one
offense may be charged in one indictment. Kitchens v. State, 823 S.W.2d at 258. And
although the indictment may allege the differing methods of committing the offense in the
conjunctive, it is proper for the jury to be charged in the disjunctive. Id. Thus, error has not
been shown. 

 Fagan next contends that the trial court abused its discretion by failing to hold a
hearing on his motion for new trial alleging newly discovered evidence. A trial court is
required to conduct a hearing on a motion for new trial only if the motion raises issues that
cannot be determined from the record. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim.
App. 1993). 

 As pointed out by the State, Fagan did not raise his newly discovered evidence
contention in his original motion for new trial. He raised it in an amended motion for new
trial that was filed on the seventy-fifth day after he was sentenced, at 4:10 p.m. on the last
day on which the court could hold a hearing on the motion. See Tex. R. App. P. 21.6. 
Procedurally, there are two problems with the motion. First, it was not presented to the
court as required by Tex. R. App. P. 21.6. A trial court must hold a requested hearing on
a properly presented motion for a new trial that raises matters that are not determinable
from the record. See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). The
Texas Court of Criminal Appeals has stated that a movant satisfies the presentment
requirement by "actually delivering the motion for new trial to the trial court or otherwise
bringing the motion to the attention or actual notice of the trial court." Carranza v. State,
960 S.W.2d 76, 79 (Tex. Crim. App. 1998); Estrella v. State, No. 04-00-00794-CR, 2002
WL 661734, at *2 (Tex. App.-San Antonio Apr. 24, 2002, no pet. h.). The record does not
show that Fagan's motion was presented to the trial court at all.

 Second, an amended motion for new trial may be filed as a matter of right within
thirty days after the date of sentencing. Tex. R. App. P. 21.4(b). Fagan's motion was filed
seventy-five days after the date of sentencing, and the record does not show that the trial
court granted Fagan leave to file an amended motion. In these circumstances, we
conclude that the trial court did not err by failing to conduct a hearing on the motion. 

 For the reasons stated, we affirm the judgment of the trial court.


 William J. Cornelius

 Justice*


*William J. Cornelius, C.J., Retired, Sitting by Assignment


Date Submitted: July 8, 2002

Date Decided: October 14, 2002


Publish

1. The court explained Malik as holding that the law "as authorized by the indictment"
was the statutory elements of the offense "as modified by the charging instrument." Thus,
it concluded that a hypothetically correct jury charge would not simply quote from the
controlling statute. Gollihar v. State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001).
2. A variance between the wording of the indictment and the evidence presented is
fatal only if it is material and also prejudices the defendant's substantial rights. In other
words, if the indictment fails to inform the defendant of the charge against him sufficient
to allow him to prepare an adequate defense, and if the defendant would be subjected to
the risk of being prosecuted later for the same offense. Gollihar v. State, 46 S.W.3d at
257.
3. See Rodriguez v. State, 32 S.W.3d 921, 924-25 (Tex. App.-Corpus Christi 2000,
no pet.) (also declining to address this issue).