NUMBER 13-03-123-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ROSARIO CANTU,                                                                       Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 214th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza
 
                               Opinion by Chief Justice Valdez
 
          Appellant, Rosario Cantu, was convicted in a bench trial of third degree felony theft
and sentenced to eight years imprisonment. See Tex. Pen. Code Ann. § 31.03(a) (Vernon
2003). The trial court suspended appellant’s sentence, placed her on community
supervision, and ordered her to pay $33,500 in restitution. By one issue, appellant claims
the evidence is legally insufficient to support her conviction. We reverse and render. 
I. Facts and Procedural History
          Appellant worked as a housekeeper for the complainant, Kary Klingman O’Hair,
from April 20, 2002 through July 20, 2002. During this time, appellant worked on
Saturdays from 9 a.m. until 2 p.m. On July 20, 2002, O’Hair discovered that her jewelry
box was missing. She confronted appellant about the missing jewelry box. According to
O’Hair, appellant denied taking the jewelry. O’Hair then called police and filed a report
while appellant was still present. Appellant was later arrested and charged with theft. 
          At trial, O’Hair testified that she kept a jewelry box underneath a low dresser in her
bedroom. On July 13, 2002, she noticed marks on her carpet in the bedroom consistent
with someone moving the jewelry box but did not inspect the box because she thought
appellant moved the dresser while cleaning her bedroom. On July 20, 2002, after noticing
the jewelry box was missing, O’Hair called appellant into her bedroom and questioned her
about the missing jewelry. O’Hair testified that appellant responded by listing references
of previous employers and then asked O’Hair if she wanted appellant to leave. O’Hair said
no but called the police. Further, O’Hair testified that only appellant, herself, and her
husband, had access to the jewelry. O’Hair also testified that she last saw the missing
jewelry in early July, but could not give a specific date. 
          Corpus Christi Police Officer Simon Hernandez responded to O’Hair’s theft
complaint on July 20 and spoke to appellant during his investigation. According to Officer
Hernandez, appellant’s demeanor was calm and assured, and she denied knowledge of
the missing jewelry. Officer Hernandez did not take fingerprints or arrest appellant at that
time. However, he did prepare a police report, which was forwarded to investigating officer,
Detective Gilbert Garcia. 
          Detective Garcia testified that he called appellant into the police station, read
appellant her rights in Spanish, and then questioned her about the jewelry. The record
indicates appellant’s primary language is Spanish. Detective Garcia testified that he told
appellant that O’Hair would be willing to drop the charges if the jewelry was returned. 
Detective Garcia stated that appellant then asked if she could come back in a couple of
days. Detective Garcia responded that “she could if she came back with the jewelry;
otherwise, it would be a waste of her time and my time.” According to Detective Garcia,
appellant then stated she would be back. However, according to her attorney, appellant
did not return because her attorney advised her not to. 
          During the course of his investigation, O’Hair called Detective Garcia and told him 
she found the jewelry box wrapped in a plastic bag in another bedroom, which O’Hair used
for storage. However, most of the jewelry was missing.
          On cross-examination, Detective Garcia stated no fingerprints were found on the
jewelry box and that the missing jewelry was never linked to or found in appellant’s
possession. He also testified that no one saw appellant in possession of the property, or
otherwise exercise control of it. Further, he stated that he checked pawn shops in Corpus
Christi and Houston, but found no evidence that the missing jewelry had been pawned. 
          Appellant was found guilty, and this appeal ensued. 
II. Discussion
          By one issue, appellant contends the evidence is legally insufficient to support her
conviction because the State presented no evidence that appellant appropriated the
property or otherwise exercised control over it. 
          In reviewing the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict, asking whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a legal
sufficiency review, the fact-finder remains the exclusive judge of the credibility of the
witnesses and of the weight to be given their testimony. Rodriguez v. State, 32 S.W.3d
921, 925 (Tex. App.–Corpus Christi 2000, no pet.). “The court is to review the evidence
as it is already weighted by the jury’s verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.” 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
          Sufficiency of the evidence should be measured by the elements of the offense as
defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997). A hypothetically correct jury charge is one that accurately sets out the
law, is authorized by the indictment, does not unnecessarily increase the State’s burden
of proof or unnecessarily restrict the State’s theories of liability, and adequately describes
the particular offense for which the defendant was tried. Id. at 240. 
          A person is guilty of theft if she unlawfully appropriates property with the intent to
deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon 2003). 
“Appropriate” means: (A) to bring about the transfer or purported transfer of title to or other
nonpossessory interest in property, whether to the actor or another; or (B) to acquire or
otherwise exercise control over property other than real property. Id. § 31.01(4). The
indictment alleged that appellant appropriated the property by “acquiring and exercising
control over the property.”
          The State contends it proved appellant was the thief with the following circumstantial
evidence: (1) appellant’s adoptive admission while being questioned by Detective Garcia;
and (2) the fact appellant, aside from the homeowners, had sole access to the premises
where the jewelry was stolen. “Circumstantial evidence is ‘direct proof of a secondary fact
which, by logical inference, demonstrates the ultimate fact to be proven.’” Cowan v. State,
840 S.W.2d 435, 438 n.10 (Tex. Crim. App. 1992) (quoting Taylor v. State, 684 S.W.2d
682, 684 (Tex. Crim. App. 1984)). Here, the chain of inferences the State alleges show
appellant acquired possession of the jewelry are: (1) appellant’s response to Detective
Garcia amounted to an implied acknowledgment that she had the jewelry to return; and (2)
appellant’s acknowledgment should be considered an adoptive admission of Detective
Garcia’s accusation that she had stolen the jewelry under rule of evidence 801(e)(2)(B). 
See Tex. R. Evid. 801(e)(2)(B).
          In this case, appellant’s statement, “I’ll be back,” cannot be construed as an
acknowledgment or admission that appellant stole the jewelry from O’Hair. This alone
cannot give rise to a reasonable inference of possession. Notably, Garcia’s testimony
shows that just prior to the comment, Garcia had not accused appellant of stealing the
jewelry. He merely told her to return only if she brought back the jewelry. Even assuming
her response could be interpreted as an acknowledgment or admission of any kind, at best
appellant merely indicated that she may have known where the jewelry was. Such
knowledge does not equate to possession or appropriation. 
          Even if a reasonable inference of possession can be made from her statement,
possession alone cannot give rise to an inference of guilt:
To warrant an inference of guilt from the circumstance of possession alone,
the possession must be personal, recent, unexplained, and involve a distinct
and conscious assertion of right to the property. 
 
Sweeny v. State, 925 S.W.2d 268, 270 (Tex. App.–Corpus Christi 1996, no pet.) (citing
Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984)). Here, there is no
evidence appellant exercised a conscious assertion of right to the jewelry. See id. 
          The State’s access argument is similarly without merit. O’Hair testified that from the
time she last saw the jewelry until the time she noticed it was missing, she, her husband,
and appellant were the only persons with access to the house. Access to property alone
is not sufficient to support the conviction. See Thomas v. State, 915 S.W.2d 597, 599
(Tex. App.–Houston [14th Dist.] 1996, pet. ref’d).
          No direct evidence established that appellant acquired or exercised control over the
jewelry. Further, no rational fact-finder could infer from the circumstantial evidence
presented at trial that appellant exercised control over the jewelry. Viewing the evidence
in the light most favorable to the verdict, we find no rational trier of fact could have found
that appellant unlawfully appropriated the jewelry with the intent to deprive O’Hair. See
Johnson, 23 S.W.3d at 7. Thus, the evidence was legally insufficient to support the
conviction for theft. 
III. Conclusion
          Because we hold the evidence is legally insufficient, we reverse the judgment of the
trial court and render an acquittal for appellant. 
              
          
 




                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
Tex. R. App. P. 47.2(b)

Opinion delivered and filed
this 15th day of July, 2004.