**Affirmed and Opinion Filed October 5, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01627-CR

**CLEVELAND NIXON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1121243-X**

## MEMORANDUM OPINION
Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

The primary question in this appeal from the denial of a motion for new trial in a criminal proceeding is whether the appellant, Cleveland Nixon, timely "presented" his motion for new trial to the trial court within ten days after filing that motion as Texas Rule of Appellate Procedure 26.1 requires. In a single issue, with three subparts, Nixon argues that the trial court abused its discretion by not conducting a hearing on his motion for new trial following a revocation hearing at which the trial court adjudicated Nixon guilty for injury to a child and sentenced him to five years' imprisonment. Because the record does not show that Nixon timely asked the trial court to hear his motion, we affirm.

## I. Background

Nixon was placed on deferred adjudication with a $1,000 fine for injury to a child. The State subsequently filed a motion to revoke probation or proceed with an adjudication of guilt. The motion was amended prior to the hearing.

Following a September 29, 2014 contested revocation hearing, the trial court found that Nixon violated the terms of his deferred adjudication, found him guilty of injury to a child, and sentenced him to five years' imprisonment.

Three days later, Nixon filed a motion for new trial claiming that the verdict was contrary to the law and the evidence.

On October 30, 2014, Nixon filed an amended motion for new trial purporting to summarize his mental health records, claiming trial counsel was ineffective, and raising issues of competence to stand trial and insanity.[1] The amended motion for new trial was supported by the affidavit of attorney James Polk (the "Polk Affidavit"). The Polk Affidavit stated that Polk had reviewed Nixon's medical records and the statements concerning his mental health diagnosis were true. Neither the affidavit nor the cover letter accompanying the motion said that the medical records have been filed with the court. While the amended motion prayed for a new hearing "on the issue of revocation," the cover letter did not request a hearing.

The trial court on November 6, 2014 signed a "Confidentiality Order" regarding Nixon's mental health records. Although the order states that Nixon's mental health records were filed as business records, no such records or notice of filing appears in the record. The Confidentiality Order does not mention the motion for new trial or the amended motion for new trial.

---

[1] The amended motion was mailed to the court for filing on October 28, 2104.

On November 9, 2014, the court coordinator issued a notice entitled "Notice of Disposition" stating that Nixon was to be held in custody until further notice. The notice does not mention a motion for new trial.

On December 2, 2014, Nixon filed the affidavit of his trial counsel in which he states, in essence, that he failed to investigate Nixon's mental health issues and that proper presentation of these issues to the trial court would likely have yielded a different result.

Nearly four weeks later, Nixon filed a bill of exceptions and the declaration of attorney Kristen Brown. That Declaration states that Brown was present in the trial judge's chambers on December 8, 2014 and requested a hearing on the motion for new trial (which we construe to mean the amended motion for new trial). The declaration further says that the trial court denied the request for a hearing on Nixon's motion for new trial. Although the declaration says that a "motion for new trial," was timely filed, it does not show that the motion was presented to the court within the ten-day period.

Nixon argues the trial court abused its discretion because it did not conduct a hearing on the ineffective assistance, competency, and insanity issues raised in the amended motion for new trial. For the reasons discussed below, we are not persuaded by Nixon's arguments.

## II. Analysis

### 1. Standard of Review and Applicable Law.

When a convicted defendant files a motion for new trial that raises matters not determinable from the factual record, the trial court abuses its discretion if it fails to conduct a hearing on the motion. *See Reyes v. State*, 849 S.W.2d 812, 815–16 (Tex. Crim. App. 1993). The State concedes that the amended motion raised matters that, on at least two points, were not determinable from the record.

But the right to a hearing on a motion for new trial is not absolute. *See Rozell v. State,* 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). The trial court need not hold a hearing if the motion is not timely presented within ten days of filing. *See* TEX. R. APP. P. 21.6; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.).

The presentment requirement is intended to give the trial court actual notice that some action, such as a hearing or a ruling is requested. *See Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). As a result, a defendant must do more than simply file the motion with the court. *Id.*

Presentment must be directed to the court, or someone authorized to act on the court's behalf. *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). This may be reflected by, among other methods, a notation on the court's docket sheet, a court form setting the case for hearing, an entry in the case management system, or the court's ruling on the motion. *See Stokes*, 277 S.W.3d at 21–24 (ruling or docket sheet); *Estrella v. State*, 82 S.W.3d 483, 485–86 (Tex. App.—San Antonio 2002, pet. dism'd) (case setting form); *Butler v. State*, 6 S.W.3d 636, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (case management system).

### 3. Was the Amended Motion Timely Presented to the Trial Court?

Nixon points to the November 6 Confidentiality Order and November 9 Notice of Disposition, and posits that "it is reasonable to presume" the court was made aware of the motion within the ten-day period for presentment. We are not persuaded by this argument for several reasons.

One, neither the order nor the notice mention a motion for new trial. There is no docket sheet entry or any other official notation by the trial court or anyone authorized to act for the court to demonstrate that the court was given notice of the amended motion. Moreover, even if

we were to construe the November 14 notice from the court coordinator as evincing presentment, November 14 was well beyond the ten-day presentment deadline.

The only indication that the motion was brought to the court's attention appears in the Brown Declaration accompanying the bill of exception. There, Brown states that a hearing was requested on December 8. Because the amended motion was filed on October 30, the December 8 request for a hearing was beyond the ten-day deadline and was therefore not timely.

The rule does allow the court to exercise discretion to allow presentment of the motion more than ten days after the motion is filed (but less than 75 days after the sentence is imposed). *See* TEX. R. APP. P. 21.6; *Stokes,* 277 S.W.3d at 21. But, after the initial ten-day period, the rule by its own terms makes the court's decision discretionary. *See id.* Nixon does not argue that the trial court abused its discretion in choosing not to allow presentment of the motion on December 8, which was 68 days after the sentence was imposed. Nixon's issue is overruled, and the judgment of the trial court is affirmed.

Do Not Publish
TEX. R. APP. P. 47
141627F.U05

/Bill Whitehill/

BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLEVELAND NIXON, Appellant

No. 05-14-01627-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1121243-X.
Opinion delivered by Justice Whitehill.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 5, 2015.